Ye v. Sessions

BIA
Bukszpan, IJ
A200 738 536

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of January, two thousand eighteen.

PRESENT:
> DENNIS JACOBS,
> REENA RAGGI,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

SUN HUA YE,

> *Petitioner,*

> v.                                                         16-976

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

_____

FOR PETITIONER:        G. VICTORIA CALLE, Calle & Associates, New York, NY.

FOR RESPONDENT:        KIMBERLY A. BURDGE, Trial Attorney, Office of Immigration Litigation (Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Song

Park, Senior Litigation Counsel, on the brief), United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Sun Hua Ye, a native and citizen of the People's Republic of China, seeks review of a March 21, 2016, decision of the BIA affirming a December 9, 2014, decision of an Immigration Judge ("IJ") denying Ye's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sun Hua Ye,* No. A200 738 536 (B.I.A. Mar. 21, 2016), *aff'g* No. A200 738 536 (Immig. Ct. N.Y.C. Dec. 9, 2014). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Because the petition challenges only factual findings, we will grant Ye relief only if "no reasonable fact-finder could have" made those findings. *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir. 2003) (per curiam) (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir. 2000)). The principal issue raised by the petition is whether Ye met his burden of proving his eligibility for asylum.

To qualify for asylum, Ye had to demonstrate that he (1) engaged in "other resistance" to China's family planning policy, and (2) suffered harm rising to the level of persecution or had a well-founded fear of suffering such harm as a direct result of his resistance. *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 313 (2d Cir. 2007) (en banc). Assuming, as the agency did, that Ye engaged in "other resistance" to China's family-planning policy, we find no error in the agency's conclusion that Ye failed to show past harm rising to the level of persecution or a well-founded fear of future persecution.

2

**1.** Ye argues that he suffered past persecution when he was struck twice in the chest immediately before--and additional times during--his 12-hour detention.  In assessing whether physical harm rises to the level of persecution, the agency must take account of the context of that harm.  *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (per curiam).  As we have acknowledged, a "minor beating . . . *may* rise to the level of persecution if it occurred in the context of an arrest or detention."  *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006) (emphasis added) (internal quotation marks omitted).  However, "[w]e have never held that a beating that occurs within the context of an arrest or detention constitutes persecution *per se*."  *Jian Qiu Liu*, 632 F.3d at 822.  The harm suffered by the petitioner must be sufficiently severe, rising above "mere harassment."  *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006).

The agency considered the context of Ye's harm and reasonably concluded that it did not rise to the level of persecution.  Ye was punched in the chest a few times during a single 12-hour period, he did not require medical attention, and he did not suffer any lasting injuries.  In *Jian Qiu Liu*, we observed that comparable physical abuse before detention was not persecution.  *See* 632 F.3d at 821-22 (deeming reasonable the BIA's finding of no persecution when the petitioner was "punched [] repeatedly in the face, chest, and back" by family planning officials and detained for two days, because "he suffered only minor bruising from [the] altercation," "required no formal medical attention[,] and had no lasting physical effect").  The same conduct during detention warrants no different conclusion here.

Ye's citation to *Edimo-Doualla v. Gonzales*, in which we remanded for the BIA to consider whether the petitioner had been persecuted despite having suffered no "permanent or serious injury," does not support a finding of unreasonableness in this case.  464 F.3d 276, 283-84 (internal quotation marks omitted).  The petitioner in *Edimo-Doualla* suffered substantially greater harm than did Ye, including "four beatings during a 1991 arrest; a two-day arrest in 1996; multiple beatings and other forms of abuse during a three-to-five-day arrest in 1997; a brief

3

detention . . . in 2000"; "multiple beatings in 2000 during each of six days that [he] was held at a police station; and a three-month prison term" during which he was "forced to bathe with a bucket of water mixed with urine." *Id.* at 283.  While Ye's treatment was deplorable, the agency's decision that it did not rise to the level of persecution was reasonable on this record.

**2.** Ye argues that it should be inferred from the fact that his wife was involuntarily sterilized in China that he has a well-founded fear of future persecution there.  However, the law is clear that Ye cannot automatically establish a well-founded fear of future persecution based on harm suffered by his wife.  *See Shi Liang Lin*, 494 F.3d at 309-10.  And as the agency reasonably concluded, Ye's fear is not "objectively reasonable."  *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).  There is little reason to think that Ye will face mistreatment rising to the level of persecution from family planning officials: Ye and his wife have already been punished for violating China's family planning policy, and they cannot conceive another child together.  Moreover, Ye's wife (who remains in China) has suffered no harassment by the authorities after she paid the family planning fine.  *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding that a claimed fear of future persecution is undermined when similarly-situated family members remain unharmed in the petitioner's native country).  There is no evidence in the record to compel a conclusion different from the one reached by the agency.

Given that the agency reasonably found that Ye failed to demonstrate both past persecution and a well-founded fear of future persecution, it did not err in denying him asylum.  For the same reason, the agency did not err in denying Ye withholding of removal and relief under the CAT, both of which require even greater showings.  *Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

We have considered all of Ye's arguments and conclude that they are without merit.  The petition for review is DENIED. Any stay of removal previously granted in this petition is

4

VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5